**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| ANN MARIE MILLER, ) | | Case No. 11-26914 ABC |
| ) | | Chapter 13 |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| ANN MARIE MILLER, ) | | |
| ) | | |
| Plaintiff, ) | | Adversary No. 11-1545 ABC |
| v. ) | | |
| ) | | |
| CHARLES SCOTT CRABTREE, NICOLE ) | | |
| SCHRAM, KRISTA MAHER, JEFFREY ) | | |
| VILLANUEVA, MONTGOMERY KOLODNY ) | | |
| AMATUZIO DUSBABEK, JENNIFER ) | | |
| KELLEY, MARY TRUONG, AND JEFFREY ) | | |
| KESSLER, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on Motions to Dismiss filed by Defendants Charles Scott Crabtree ("Judge Crabtree") [Docket #4], Krista Maher, Montgomery Kolodny Amatuzio Dusbabek, LLP, and Mary Truong [Docket #5], Jeffrey Kessler [Docket # 6] and Jennifer Kessler f/k/a Jennifer Kelley [Docket # 8], Nicole Schram [Docket #10], and Jeffrey Villanueva [Docket #11], and Plaintiff's Response thereto [Docket #20]. Having considered the foregoing and the file in this matter, the Court finds and concludes as follows.

**Background**

**A. Plaintiff's Chapter 13 Case**

Plaintiff's Chapter 13 bankruptcy case, Case No. 11-26914 ABC, was filed on July 18, 2011, and dismissed on September 30, 2011. Plaintiff has filed a motion to reconsider the dismissal of Case No. 11-26914 ABC, which is pending and is set for an evidentiary hearing on January 12, 2012.[1]  The order dismissing Case. No. 11-26914 ABC has not been stayed.

---

[1] Plaintiff filed a new Chapter 13 case, Case No. 11-35182 ABC, on October 26, 2011.

This adversary proceeding was commenced during the pendency of Case No. 11-26914 ABC. It seeks damages, pursuant to 11 U.S.C. § 362(k), for alleged willful violation of the automatic stay that was in effect during the pendency of Case No. 11-26914 ABC. Dismissal of Case No. 11-26914 ABC does not divest this Court of jurisdiction over Plaintiff's request for relief under § 362(k). *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009). Such claims "[remain] viable after termination of the underlying bankruptcy case." *Id.* at 1084. This is so because their purpose "is not negated by dismissal of the underlying bankruptcy case." *Id.*

### B. The Complaint

Plaintiff's complaint alleges only that Defendants violated the automatic stay by causing the issuance of a notice to set in a pending legal action. From the Exhibit attached to the Complaint[2], which appears to be either a minute order or the docket text of a minute order, it appears that the alleged violation of stay relates to the order issued by Judge Crabtree on August 1, 2011 ("Order"). The Order reflects that Judge Crabtree had before him Plaintiff's claim of exemption in opposition to a writ of garnishment. The full text of the Order is as follows:

> Ordr [sic]
>
> Reviewed with order [Defendant's Reponse [sic] opposing claim of exemption to writ of garnishment]
>
> [Plaintiff] must set the matter of her claim of exemption for a hearing by filing a notice to set by no later than August 10, 2011. If no notice to set has been filed the court will deny the claim of exemption without further hearing.

Complaint, Exhibit 1.

The Complaint alleges that "issuance of the notice to set was caused by the above creditors and/or their agents, listed above." Presumably Plaintiff refers to all Defendants other than Judge Crabtree as having "caused" the notice to set to be issued. Plaintiff alleges that the Defendants have willfully violated the automatic stay by "perform[ing] any act to collect a debt . . . or by continu[ing], or begin[ning] a legal process against me." The Complaint contains no other factual allegations. Plaintiff requests punitive damages, pursuant to § 362(k), in the amount of $1,500,000.

---

[2] In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. U.S.* 561 F.3d 1090, 1098 (10th Cir. 2009)(internal quotations and citations omitted).

## Discussion

### A. Standards for Determining a Motion to Dismiss

In ruling on a Rule 12(b)(6) motion, the Court must presume that all well-pleaded allegations of the complaint are true, and construe them in the light most favorable to Plaintiff. *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 556 (10th Cir. 1999). In order to survive dismissal under Fed. R. Civ. P. 12(b)(6), a plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is "plausible" under this standard if the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### B. Absolute Judicial Immunity

Judge Crabtree is a judge for the District Court of Adams County, Colorado. It is beyond dispute that Judge Crabtree is entitled to absolute judicial immunity from personal liability in cases arising out of the performance of his judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). If the acts in question are functions normally performed by a judge, if the party dealt with the judge in his judicial capacity, and if the matter on which the judge acts is within the subject matter of the court over which he presides, absolute immunity applies, *Stump v. Sparkman*, 435 U.S. 349, 362-63, 356-59 (1978). The only act complained of by Plaintiff – issuance of a rather routine order in connection with the case management of a pending garnishment proceeding – is unquestionably a judicial function under this analysis. Therefore, Plaintiff's Complaint against Judge Crabtree must be dismissed.

### C. Violation of the Automatic Stay

To survive dismissal under Rule 12(b)(6), under the standards recently set forth by the Supreme Court, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662*,* 129 S.Ct. 1937, 1949 2009)(internal quotations omitted). Thus, Plaintiff's allegations that Defendants "perform[ed] . . . acts[s] to collect a debt in violation of the automatic stay [by] continu[ing], or begin[ning] a legal process against me," are no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal* at 1949*,* and do not suffice to state a cause of action without further factual allegations to flesh out what specific actions Plaintiff contends are stay violations.

The *only* factual allegation in the Complaint is that the Defendants, other than Judge Crabtree, "caused" a notice to set to be issued. In examining the Order which Plaintiff has attached to her Complaint, there is no indication that it resulted from any formal or informal request by any of the Defendants that the matter be set for a hearing. Indeed, it appears to have been issued as a routine administrative response to a legal matter that was then at issue before

the state court. Without any additional allegations regarding which Defendants did what actions, at what time, so as to "cause" the issuance of the notice to set, the Complaint lacks sufficient factual content for the Court to reasonably infer that any of the Defendants violated the stay. Accordingly, Plaintiff's Complaint fails to state a claim for relief against any of the Defendants and is subject to dismissal under Rule 12(b)(6).

It is accordingly,

ORDERED that Defendants' Motions to Dismiss are GRANTED.

DATED: December 14, 2011          BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge